UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

CLEARVIEW LIMITED LLC,

    *Plaintiff*,

v.

REOF CAPITAL LLC,

    *Defendant*.

Civ. No. 24-01503 (MAJ)

**OPINION AND ORDER**

**I.**    **Introduction**

This action for breach of contract is brought by Clearview Limited LLC ("Plaintiff") against Reof Capital LLC ("Defendant"). (**ECF No. 1**). According to the allegations in the Complaint, the parties entered into a consulting agreement (the "Contract") in 2020. (**ECF No. 1 at 2 ¶ 5**). By the terms of that agreement, Plaintiff was to refer potential clients to Defendant, who in turn would compensate Plaintiff for such referrals. (**ECF No. 1 at 2 ¶¶ 5–6**). Plaintiff alleges that, despite having fulfilled its obligations under its Contract with Defendant, Defendant has failed to compensate Plaintiff for all referral fees owed under the terms of the Contract. (**ECF No. 1 at 2 ¶ 7**).

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (the "Motion"). (**ECF No. 14**). Defendant invokes a forum selection clause adopted by the parties, arguing that, by the terms of that clause, "any litigation between the Parties to enforce any award" must be litigated in North Carolina. (**ECF No. 14 at 1 ¶ 2**); (**ECF No. 1-1 at 5 ¶ 13**). Plaintiff argues, however, that the term "award" does not apply to the

referral fees in dispute and that the forum selection clause is therefore not applicable. (**ECF No. 16**). The Motion was referred to Magistrate Judge Marcos E. López for a Report and Recommendation. (**ECF No. 18**). On May 21, 2025, Magistrate Judge López filed a Report and Recommendation recommending that the Court deny the Motion to Dismiss and retain jurisdiction over this action. (**ECF No. 41**). No objections to the Report and Recommendation were filed. After careful consideration, the Court rejects the Magistrate Judge's Report and Recommendation and **GRANTS** the Motion to Dismiss.

## II.    Procedural and Factual Background[1]

Plaintiff is a limited liability company organized under the laws of North Carolina. (**ECF No. 1 at 1 ¶ 3**). Its sole member is a citizen of another state, not Puerto Rico. (**ECF No. 1 at 1 ¶ 3**). Defendant is a limited liability company organized under the laws of Puerto Rico, with its principal place of business in Puerto Rico. (**ECF No. 1 at 2 ¶ 4**).

On October 26, 2020, Plaintiff and Defendant executed the Contract. (**ECF No. 1 at 2 ¶ 5**). Under the terms of the Contract, Plaintiff was responsible for referring potential clients to Defendant, who in turn would perform grant writing services to those clients. (**ECF No. 1 at 2 ¶ 5**). The Contract established a bifurcated fee structure whereby Plaintiff would be entitled to claim a fee both (1) for each client referred to Defendant

---

[1] Although there is no specific Federal Rule of Civil Procedure designated to request dismissal of a suit based upon a valid forum selection clause, "it is permissible to treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12 (b)(6)." *Rivera v. Kress Stores*, 30 F.4th 98, 102 (1st Cir. 2022). For the purposes of resolving the instant Motion, therefore, the Court treats all well-pled, non-conclusory, non-speculative facts as true, drawing all reasonable inferences in Plaintiff's favor. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

("referral fee") and (2) for each grant received by a client who was referred to Defendant by Plaintiff ("success fee"). (**ECF No. 1-1 at 1 ¶ 2.1–2 ¶ 2.2**).[2]

According to the allegations in the Complaint, Defendant has failed to pay $163,960.03 in fees owed to Plaintiff for services rendered under the Contract. (**ECF No. 1 at 2 ¶ 7**). Plaintiff brings this action to collect all outstanding fees not yet paid by Defendant. (**ECF No. 1**). However, invoking the forum selection clause adopted by the parties, Defendant argues that this Court is not the proper tribunal for Plaintiff's claims. (**ECF No. 14**). The forum selection clause, which is also accompanied by a choice of law provision, reads as follows:

> Governing Law. This Agreement shall be governed by and construed under the laws of the State of North Carolina. In the event of *any litigation between the Parties to enforce any award*, the Parties expressly submit themselves to the sole jurisdiction of courts in the State of North Carolina.

(**ECF No. 1-1 at 5 ¶ 13**) (emphasis added). Plaintiff opposes the Motion, insisting that the term "award" does not include the referral fees in dispute and that the forum selection clause, therefore, does not apply to this litigation. (**ECF No. 16**).

This Motion was referred to Magistrate Judge Marcos E. López for a Report and Recommendation on February 18, 2025. (**ECF No. 18**). On May 21, 2025, Magistrate Judge López filed the Report and Recommendation. (**ECF No. 41**). In that opinion, Magistrate Judge López sought to determine the meaning of the contractual term "award", which is not expressly defined by the Contract. As Magistrate Judge López emphasized in the Report and Recommendation, "there are problems with both parties'

---

[2] In ruling on a motion to dismiss, a court may look to documents extrinsic to the complaint where, as here, such documents are "attached to the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

proffered interpretations of the term 'award',"  leaving the Court "between a rock and a hard place[.]" (**ECF No. 41 at 5–7**).

Magistrate Judge López summarized the parties' conflicting interpretations as follows. According to Plaintiff, under the Contract the term "award" means "grant." (**ECF o. 41 at 6**). In other words, according to Plaintiff's interpretation, the forum selection clause applies only to actions to enforce the payment of a grant paid from a third-party grantor to a third-party client. (**ECF No. 41 at 6–7**).[3] However, as Magistrate Judge López noted, Plaintiff's interpretation of the term would render the forum selection clause meaningless: there is no scenario in which litigation between the contracting parties could arise to enforce payment of a grant, because a grant is a transaction between third-parties not beholden to the Contract. (**ECF No. 41 at 6**).

By contrast, according to Defendant, the word "award" refers to both "referral fees" and "success fees." Put simply, Defendant believes that any fee arising from the Contract constitutes an "award" for the purposes of the forum selection clause. (**ECF No. 41 at 5**) (noting that "Defendant's interpretation of 'award' . . . [encompasses] all payments or fees within the referral fee structure" of the Contract); (**ECF No. 14 at 3 ¶ 7**) ("Plaintiff's attempt to recover unpaid referral fees constitutes a claim to enforce an award under the Agreement"). Magistrate Judge López reasoned that, in contrast with Plaintiff's interpretation, Defendant's reading of the Contract preserves intact a sensible meaning and purpose behind the forum selection clause. There is a wrinkle, however: as Magistrate Judge López explained in the Report and Recommendation, this is simply not how one

---

[3] The Contract defines a grant as a "**Notice of Award**" or "**Grant**." (**ECF No. 1-1 at 1**). For the sake of clarity, the Court will exclusively use the term "grant" to refer to what the Contract defines as a "Notice of Award" or "Grant."

would ordinarily use the word "award." (**ECF No. 41 at 6**) (citing *Award*, BLACK'S LAW DICTIONARY (12th ed. 2024) (Defining "award" as: "[t]o grant, concede, or adjudge to. To give or assign by sentence or judicial determination or after careful weighing of evidence."). Noting that the word "award" is often used to describe a deliberative or competitive process, Magistrate Judge López found the word ill-suited to describe an automatic payment obligation and concluded that this litigation is not covered by the forum selection clause. (**ECF No. 41 at 6**).[4]

Under 28 U.S.C. § 636(b)(1)(C), a federal district court judge may refer a dispositive motion to a magistrate judge for a Report and Recommendation. *See Alamo Rodríguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). While a party is entitled to de novo review upon filing written objections to a Report and Recommendation within fourteen days, 28 U.S.C. § 636(b)(1)(C), no objections were filed in this case. Nevertheless, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court now rejects the conclusion of the Magistrate Judge and holds that the forum selection clause is applicable to the claims set forth in the Complaint, making this Court an improper forum for the case.

---

[4] The Court notes that there is yet another possible interpretation of the term "award." It is at least conceivable that the term "award" encompasses "success fees" and excludes "referral fees." As envisioned by the bifurcated fee structure adopted by the Contract, "success fees" are generated as a commission owed to Plaintiff every time that a client referred by Plaintiff to Defendant receives a grant from a third-party funding source. Because a "success fee" is owed every time that a grant is *awarded* to a client, it is possible to imagine that the forum selection clause intended that the word "award" refer only to "success fees." Yet this interpretation makes little sense when read in light of the other terms of the Contract, as it would direct all litigation over "success fees" to North Carolina, while allowing the parties to litigate all claims relating to "referral fees" elsewhere. The parties do not identify any facts that would indicate that this counter-intuitive result was the intent of the contracting parties. Moreover, neither Defendant nor Plaintiff defends this interpretation. The Court therefore finds this interpretation implausible.

**III.   Analysis**

Pursuant to the choice of law provision adopted by the parties, the terms of the Contract are "governed by and construed under the laws of the State of North Carolina." (**ECF No. 1-1 at 5 ¶ 13**). In Puerto Rico, "the law chosen by contracting parties will apply to any issue which the parties could have resolved by an explicit provision in their agreement directed to that issue," unless "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice" or "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue[.]" *Efron v. UBS Fin. Servs. Inc.*, Civ. No. 24-1168, 2025 WL 966796, at *15 (D.P.R. Mar. 31, 2025) (quotations and citations omitted). Plaintiff is a limited liability company chartered under the laws of North Carolina, (**ECF No. 1 at 1 ¶ 3**), and there is no reason to believe that application of North Carolina law would be contrary to a fundamental policy of Puerto Rico law. To resolve the issue of contract interpretation presented by this Motion, therefore, the Court will look to the laws of North Carolina.

Under North Carolina law, questions of contract interpretation require a court to "ascertain the intent of the parties" at the moment the contract was executed. *Briggs v. American & Efird Mills, Inc.*, 251 N.C. 642, 644 (N.C. 1960). Where the contractual language at issue is unambiguous, the analysis ends there: the intention of the parties is simply inferred from the text of the contract. *Walton v. City of Raleigh*, 342 N.C. 879, 881 (N.C. 1996). However, contractual language may be ambiguous where "the meaning of [the] words or the effect of [the] provisions is uncertain or capable of several reasonable interpretations." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365

N.C. 520, 525 (N.C. 2012) (quotations omitted); *State v. Philip Morris USA Inc.*, 363 N.C. 623, 641 (N.C. 2009) ("A contract term is ambiguous only when, in the opinion of the court, the language of the [contract] is fairly and reasonably susceptible to either of the constructions for which the parties contend.") (quotations omitted). A contractual term is reasonably susceptible of multiple interpretations where, viewed objectively, the original intention of the parties is ambiguous in light of "the expressions used [in the contract], the subject matter, the end in view, the purpose sought, and the situation of the parties at the time [the contract was executed]." *See Lane v. Scarborough*, 284 N.C. 407, 410 (N.C. 1973). Nevertheless, not every dispute over the meaning of a contract term will render that term ambiguous: "[p]arties can differ as to the interpretation of [contractual] language without its being ambiguous[.]" *Walton*, 342 N.C. at 881–882.

Where a contractual provision is ambiguous, that triggers the application of "well-established rules of construction" recognized in North Carolina. *Allstate Ins. Co. v. Runyon Chatterton*, 518 S.E.2d 814, 816 (N.C. Ct. App. 1999); *Beachcrete, Inc. v. Water St. Ctr. Assocs., L.L.C.*, 615 S.E.2d 719, 722 (N.C. Ct. App. 2005) (citation omitted) ("[R]ules of construction are used to interpret ambiguities in contracts. They are not used to rewrite provisions to fit the needs of a litigant."). One such well-established rule of construction holds that "[a]ll parts of a contract are to be given effect if possible. It is presumed that each part of the contract means something." *Bolton Corp. v. T.A. Loving Co.*, 317 N.C. 623, 628 (N.C. 1986); *see also Williams v. Nationwide Mut. Ins. Co.*, 269 N.C. 235, 240 (N.C. 1967) ("each clause and word must be . . . given effect if possible by any reasonable construction").

Because the meaning of the term "award" as used in the forum selection clause at issue "is uncertain or capable of [multiple] reasonable interpretations," the Court finds

that the term is ambiguous. *Variety Wholesalers*, 365 N.C. at 525. In reaching the opposite conclusion, Magistrate Judge López emphasized that the word "award" is not ordinarily used to refer to a "fee" or a "commission." (**ECF No. 41 at 6**). As Magistrate Judge López explained in the Report and Recommendation, the term "award" is most often used to describe a deliberative or competitive process. (**ECF No. 41 at 6**) (citing *Award*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "award" as: "[t]o grant, concede, or adjudge to. To give or assign by sentence or judicial determination or after careful weighing of evidence.")). The Court agrees that this is the most typical use of the word. However, although the way in which Defendant interprets the term "award" may be slightly unusual, it is not illogical. In common speech, it would not be strange to hear that someone has been "awarded" a fee or a commission under a contract, just as one could be "awarded" a prize.

Read as a whole, the language of the Contract does not dispel this ambiguity. Plaintiff argues that the word "award" refers to a grant paid by a third-party funding source to a third-party client. (**ECF No. 16 at 3**). A grant paid by a third-party funding source to a third-party client, however, is specifically defined by the Contract and strictly designated by the capitalized terms "Notice of Award" or "Grant". (**ECF No. 1-1 at 1**). In the forum selection clause, the parties chose to use the non-capitalized term "award," rather than "Notice of Award" or "Grant." Because the goal of contract interpretation is to arrive at the intent of the parties when a contract is formed, where a contract defines a term, that definition is to be used. *See Gaston County Dyeing Mach. Co. v. Northfield Ins. Co.*, 351 N.C. 293, 299 (N.C. 2000). The uncapitalized word "award" contained in the forum selection clause therefore does not appear to be synonymous with the defined term "Notice of Award": if the contracting parties intended to refer to a grant in the forum

selection clause, they would have used one of the designated terms for a grant as defined by the Contract: either "Notice of Award" or "Grant". (**ECF No. 1-1 at 1**). Accordingly, the Court does not interpret the term "award" in the forum selection clause to mean "grant."

Instead, "the expressions used [in the forum selection clause], the subject matter, the end in view, the purpose sought, and the situation of the parties" all support Defendant's contention, that the term "award" refers expansively to any fees due under the fee structure established by the Contract. *Lane*, 284 N.C. at 410. The forum selection clause is included in a paragraph entitled "Governing law" and is coupled with a choice of law provision holding that all terms of the agreement are to be "governed by and construed under the laws of the State of North Carolina." (**ECF No. 1-1 at 5 ¶ 13**). It seems most likely that, by combining a choice of law provision that submits the terms of the contract to the laws of North Carolina with a forum selection clause that submits the parties to the exclusive jurisdiction of North Carolina courts, the parties intended that all disputes arising out of the Contract be litigated in North Carolina. *See Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 93 (N.C. 1992) (noting that forum selection and choice of law clauses are often combined in one contractual provision). This interpretation of the Contract is bolstered by the expansive language of the forum selection clause, which provides that, "[i]n the event of *any* litigation between the Parties to enforce *any* award, the Parties expressly submit themselves to the sole jurisdiction of . . . North Carolina." (**ECF No. 1-1 at 5 ¶ 13**) (emphasis added). Moreover, the fact that a contrary interpretation of the clause would leave it without any purpose or effect renders the term "award" at least ambiguous. See *Variety Wholesalers*, 365 N.C. at 525 (explaining that contractual language is ambiguous where "the meaning of [the] words or *the effect of [the]*

*provisions* is uncertain or capable of several reasonable interpretations") (emphasis added) (quotations omitted).

Having determined that the contractual term "award" is ambiguous, the Court applies the presumption that "[a]ll parts of a contract are to be given effect if possible" and holds that the term "award" refers to all fees arising from the terms of the Contract. *Bolton Corp.*, 317 N.C. at 628; *see also Brown v. Lumbermens Mut. Cas. Co.*, 390 S.E.2d 150, 153 (N.C. 1990) ("The terms of a contract must, if possible, be construed to mean something, rather than nothing at all, and where it is possible to do so . . . the tendency of the courts is to give it life, virility, and effect, rather than to nullify or destroy it.") (quotations and citations omitted). As previously noted, Plaintiff proposes that the term "award" be interpreted as "grant", such that the forum selection clause would be applicable only to disputes relating to the payment of a grant by a third-party grantor to a third-party client. (**ECF No. 41 at 6–7**). Yet this interpretation of the term would render the forum selection clause meaningless, because there is logically no scenario in which two entities not party to the Contract could sue for breach of the Contract. Plaintiff's interpretation of the term "award" would thus leave the forum selection clause without any purpose or effect. In contrast, interpreting the term "award" as referring to all fees arising from terms of the Contract is both reasonable and consistent with the maxim that "[a]ll parts of a contract are to be given effect if possible[.]" *Bolton Corp.*, 317 N.C. at 628. The Court therefore finds that the forum selection clause is applicable to the instant dispute, which concerns the alleged non-payment of referral fees arising under the

Contract. Because the forum selection clause directs all such litigation to the State of North Carolina, this Court is an improper forum for Plaintiff's breach of contract claim.[5]

## IV. Conclusion

For the reasons set forth above, this Court is not the proper forum for this litigation. Having submitted themselves to the sole jurisdiction of the courts of North Carolina, the parties must resolve their contractual dispute there. Defendant's Motion to Dismiss for Failure to State a Claim is therefore **GRANTED**. Plaintiff's claims are therefore **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of July 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiff also brings a cause of action for attorneys' fees, asserting that Defendant should be ordered to pay all attorneys' fees generated by this litigation, since the Complaint was necessitated by Defendant's breach of contract. (**ECF No. 1 at 3**). Since this claim is purely derivative of Plaintiff's breach of contract action, it likewise falls within the purview of the forum selection clause, which submits to the jurisdiction of North Carolina courts "any litigation between the Parties to enforce any award[.]" (**ECF No. 1-1 at 5 ¶ 13**).